UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ADAM GOODMAN, et al.,

    Plaintiffs,

v.

PLATINUM CONDOMINIUM DEVELOPMENT, LLC, et al.,

    Defendants.

Case No. 2:09-CV-00957-KJD-PAL

**ORDER**

Currently pending before the Court is Plaintiffs' Motion for Leave to File Third Amended Complaint (#49). Defendants filed a Response in opposition (#50), to which Plaintiffs filed a Reply (#52). Plaintiffs attach their proposed Third Amended Complaint, which seeks to add Marcus Hotels, Inc. as a Defendant.

**I. Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed R. Civ. P. 15(a)(2). Whether an amendment to a pleading should be permitted is ordinarily a matter within the discretion of the trial court. Caddy-Imler Creations, Inc. v. Caddy, 299 F.2d 79, 84 (9th Cir. 1962). District courts are directed to apply this rule with "extreme

liberality." See, e.g., Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997). However, leave to amend is not absolute. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). Among the factors mitigating against allowing parties to amend their pleadings are undue delay in litigation, prejudice to the opposing party, and futility for lack of merit. Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A showing of the factors overcomes the presumption in favor of granting leave to amend. See Eminence Capital, LLC. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Upon consideration of the above factors, good cause appearing, the Court finds that Plaintiffs' Motion should be granted. Additionally, because Defendants' Motion to Dismiss (#35) is based on the allegations of the Second Amended Complaint, said Motion is denied as moot.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Third Amended Complaint (#49) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (#35) **DENIED** as moot.

DATED this 31st day of March 2011.

_____
Kent J. Dawson
United States District Judge

2