UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ADAM GOODMAN,

    Plaintiff,

v.

PLATINUM CONDOMINIUM DEVELOPMENT, LLC, *et al.*,

    Defendants.

Case No. 2:09-CV-00957-KJD-PAL

**ORDER**

    Before the Court is Defendants Platinum Condominium Development, LLC ("Platinum"), Marcus Management Las Vegas, LLC ("Marcus Management"), and Marcus Hotels, Inc.'s ("Marcus" and collectively "Defendants") Motion to Reconsider Denial of Motion to Dismiss (#98). Plaintiffs have filed an opposition (#103) and Defendants have filed a reply (#104).

I. Background

    The underlying facts of this case have been set forth in prior Orders. On March 29, 2010, the Court dismissed portions of Plaintiff's First Amended Complaint (#30). Plaintiffs filed a Second Amended Complaint on April 28, 2010 (#31). Defendants moved to dismiss Counts Two

through Eight of the Second Amended Complaint (#35). Before the Court ruled on that motion, Plaintiffs moved for leave to file a Third Amended Complaint (#49) (the "TAC").  The Court granted Plaintiffs leave to amend on March 31, 2011 and denied the Defendants' Motion to Dismiss the Second Amended Complaint as moot (#71).  Defendants filed another partial Motion to Dismiss (#78).  In its September 1, 2011 Order (#94) the Court granted parts of the Motion to Dismiss (#78), but declined to address several arguments that Defendants advanced in the Motion because they were effectively the same as those decided in the Court's March 29, 2010 Order (#30).  The Court instructed Defendants that the proper way to raise these arguments was to file a motion for reconsideration of the March 29, 2010 Order.

II.  Discussion

    A.  Legal Standard for Motion to Reconsider

    The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.  However, Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Where reconsideration of a non-final order is sought, the court has inherent jurisdiction to modify, alter or revoke it. See United States v. Martin, 226 F.3d 1042, 1049 (9th Cir.2000); Glavor v. Shearson Lehman Hutton, Inc., 879 F.Supp. 1028, 1032 (N.D.Cal.1994) ("District courts are authorized to reconsider interlocutory orders at any time prior to final judgment.").  In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Fed. R. Civ.P 60(b), but "[b]y its terms Rule 60(b) applies only to motions for relief from final judgments, orders, or proceedings" 12 *Moore's Federal Practice*, § 60.03[5] at 60-24.  Accordingly, the one-year limitation for reconsideration in Rule 60(b) does not apply to interlocutory orders.

2

### A. Interstate Land Sales Act Claims

In the motion to dismiss Plaintiffs' First Amended Complaint, Defendants argued that Plaintiffs' condominium purchases were exempt from Interstate Land Sales and Full Disclosure Act ("ISLA") 15 U.S.C § 1703(a) because ILSA contains a specific exclusion when developers, as here, commit to build each buyer's condominium within two years of the date of contract. See 15 U.S.C. § 1702(a)(2)  In its March 29, 2010 Order, the Court held that Plaintiffs' Contracts were not exempt from ILSA because Section 18 of the Contracts "contains exceptions to [Platinum's commitment to build the condominiums within two years]" that "go beyond the Nevada defense of impossibility." (Dkt. #30 at 14.)  In so ruling, the Court relied on decisions from the state of Florida where much of the recent ILSA litigation has been focused.

#### 1. Force-Majeure Clause

Defendants argue that the Court should follow Stein v. Paradigm Mirasol, LLC, 586 F.3d 849 (11th Cir. 2009).[1]  Stein is the leading federal case on the issue of whether a force-majeure clause extending beyond a state-law impossibility defense renders the two-year completion obligation illusory.  The Stein decision changed the controlling law in the cases the Court relied upon in making its ruling.  In Stein, the Eleventh Circuit examined a contract with a similar force-majeure provision and determined that under the federal statute, the operative question was not the state-law doctrine of impossibility, but whether any contractual excuses from the two-year duty to build were within the seller's discretion or control.  Under this analysis, the Stein court determined that the contract fell within the two-year duty to build exemption of the ILSA because "[e]ven though the contract excuses delays beyond the seller's control, it is still one 'obligating' [defendant seller] to complete construction of the condominium within two years for purposes of § 1702(a)(2) of the Disclosure Act." Id.  See also Rodriguez v. BA Eola, LLC, 404 Fed.Appx. 418, 421 (11th Cir. 2010) (applying Stein to similar case involving force-majeure clause more broad than

---

[1] Stein was decided on September 30, 2009, after briefing on the initial Motion to Dismiss had been completed.

3

state impossibility defense).  Plaintiffs argue that <u>Stein</u> is not controlling in this jurisdiction and cite the cases previously relied upon by the Court for the proposition that clauses extending beyond the scope of an impossibility defense render the two-year duty illusory.

The <u>Stein</u> decision makes clear that this Court erred in turning to the state law impossibility defense in determining whether the ILSA's two-year completion exemption was rendered illusory by the force-majeure clause.  Here, the conditions excusing performance within two years, like those in <u>Stein</u>, were beyond control of the seller.  Accordingly, the force-majeure clause does not render the contract illusory.

### 2.  Pre-Sale Contingency

Guidelines from the Department of Housing and Urban Development, codified at 24 C.F.R. § 1710.5, provide that pre-sale contingencies do not prevent application of the ILSA two-year exemption as long as the period is strictly within the 180-day period after the first condominium unit sale.  <u>See</u>, <u>e.g.</u> <u>Pilato v. Edge Investors, L.P.</u>, 609 F.Supp.2d 1301, 1309 (S.D.Fla. 2009) (holding that similar provision "comport[s]with the HUD guidelines, and I find that this contingency does not interfere with the developer's two-year completion obligation.")

Plaintiffs argue that the pre-sale contingency in the Contract "shows that Defendants did not have a real and firm obligation to complete construction of the Platinum project within two years as required by the ILSA."  Plaintiffs point to Section 19 of the Contract which provides that the agreement between the parties is contingent on the seller entering into agreements for 160 units.  The provision states that buyers' earnest money would be returned in full if the contingency was not met by September 1, 2004.  According to Plaintiffs, this made the promise to complete the project within two years illusory because Defendants could have simply decided not to sell the necessary number of units.

Plaintiffs purchased their units after March 4, 2004 – 180 days prior to the September 1, 2004 pre-sale contingency date – and the complaint does not allege sales prior to March 4, 2004.  <u>See</u> TAC ¶¶ 82-26.  The Complaint does not contain facts showing that the pre-sale contingency

4

rendered the two-year duty illusory.  Accordingly, the ILSA does not apply and Plaintiffs causes of actions under the ILSA are dismissed.

### B. Claim for Violation NRS § 90.570

Defendants have pointed out that in the September 1, 2011 Order (#94), the Court mistakenly stated that the NRS § 90.570 claim survived the original Motion to Dismiss and declined to consider the Motion to Dismiss the TAC with respect to that claim.  In fact, the Court had previously dismissed the NRS § 90.570 claim as insufficiently plead pursuant to Fed. R. Civ. P. 9(b) so it should have considered Defendants argument that the same claim in the TAC was still insufficiently pled.  In its September 1, 2011 Order (#94) the Court dismissed the fraud-based claims in the TAC pursuant to Rule 9(b).  Since the dismissed fraud claims were predicated upon the same allegations as the NRS § 90.570 claims, Defendants argue that the rationale for dismissal applies with equal force to the NRS § 90.570 claims.  Plaintiffs have not responded to this argument.  See Local Rule 7-2.  Accordingly, the Court dismisses the NRS § 90.570 claims pursuant to Fed. R. Civ. P. 9(b).

### C.  Nevada Deceptive Trade Practices Act Claims

Fed. R. Civ. P. 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Recently, Judge Phillip M. Pro in this District has held that a claim under the Nevada Deceptive Trade Practices Act ("NDTPA") NRS § 598 et. seq. "sounds in fraud and thus still must meet the particularity requirement of Rule 9(b)." Weinstein v. Mortgage Capital Associates, Inc., 2011 WL 90085, 11 (D.Nev. 2011).

The TAC states that Plaintiffs' NDPTA cause of action is brought pursuant to "Nevada consumer fraud  laws" and alleges that Defendants made "false and/or misleading" and "untrue statements" which "constituted fraud." (TAC ¶¶ 108-112.).  Defendants admit that they did not list the NDPTA claim as one of the fraud-based claims they originally sought to be dismissed on Rule 9(b) grounds.  However, Defendants argue that the Court should reconsider its ruling because the NDTPA claim is based on the same allegations as the dismissed fraud claims and that Defendants' failure to list the NDPTA claim in their argument for dismissal of the fraud claims "does not justify

requiring a trial on plainly deficient fraud allegations." The Court agrees that the NDTPA claims as pled in this case are subject to the requirements of Fed. R. Civ. P. 9(b). The claims are insufficiently pled in the TAC and accordingly the NDTPA claims in Count Three of the the TAC are dismissed.

III.  Conclusion

**IT IS HEREBY ORDERED THAT** Defendants Platinum Condominium Development, LLC, Marcus Management Las Vegas, LLC, and Marcus Hotels, Inc.'s Motion to Reconsider Denial of Motion to Dismiss (#98) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiffs' NRS § 90.570, Interstate Land Sales Act Claims, and Nevada Deceptive Trade Practices Act Claims are **DISMISSED**.

DATED this 10th day of April 2012.

_____
Kent J. Dawson
United States District Judge